[Cite as *State v. Head*, 2025-Ohio-5569.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| STATE OF OHIO,<br>CITY OF PAINESVILLE,<br><br>        Plaintiff-Appellee,<br><br>- vs -<br><br>CRYSTAL A. HEAD,<br><br>        Defendant-Appellant. | CASE NOS.  2025-L-076<br>               2025-L-077<br><br>Criminal Appeals from the<br>Painesville Municipal Court<br><br><br>Trial Court Nos.  2024 CRB 01808 A<br>                  2024 CRB 01808 B |

## OPINION AND JUDGMENT ENTRY

Decided: December 15, 2025
Judgment: Affirmed

*Joseph D. Hada*, Painesville City Prosecutor, 1392 SOM Center Road, Mayfield Heights, OH 44124 (For Plaintiff-Appellee).

*Matthew S. Ziccarelli*, Ziccarelli Law, 8754 Mentor Avenue, Mentor, OH 44060 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1} Appellant, Crystal A. Head, appeals from a final judgment of the Painesville Municipal Court convicting her of one count of criminal damaging or endangering, in violation of R.C. 2909.06(A)(1), a misdemeanor of the second degree. We affirm.

{¶2} Appellant was charged by complaint on December 12, 2024, with one count of criminal damaging or endangering and one count of disorderly conduct. The matter proceeded to a bench trial on May 19, 2025.

{¶3} Officer Ranallo of the Madison Township Police Department testified that on September 19, 2024, he responded to a call of an altercation at appellant's property.

He observed "a vehicle parked in the front yard or in the drive butt[ed] up against another vehicle that was sitting in front of it." Melissa Cartwright was sitting in one of the vehicles; appellant was yelling at Melissa; and Andrew Head, appellant's ex-husband, was also on the property. Appellant told Officer Ranallo that Andrew had come over to assist with building a tree fort; Melissa drove on to the property and slammed her car into Andrew's parked car; Melissa reversed and struck the parked vehicle one more time; appellant's son was outside, and she feared for his safety. Both cars actually belonged to Melissa. Officer Ranallo testified there was minor damage to the vehicle Melissa was driving consistent with a small bumper-to-bumper collision, and there was also damage not caused by a car collision. He observed "numerous marks along the driver's side E pillar, front panel, front headlights, the driver's side front window which were consistent. There were hand prints as well." He believed some of the damage was caused by a hammer, which appellant denied, instead admitting to the officer that she had used her open palm and struck the vehicle on the window pillar. The officer identified pictures he testified were consistent with the damage he saw on the vehicle that day. On cross-examination, Officer Ranallo admitted that he had not taken the photographs and did not know who took them or when they were taken.

{¶4} Melissa testified that she had an arrangement with Andrew, her ex-boyfriend, for him to use one of her cars for certain appointments. When Andrew did not return at a specified time and Melissa could not reach him for hours, she tracked her vehicle using a GPS device. She went to the address and with her vehicle "bumped" the parked car that Andrew had been driving. Melissa testified that when Andrew and appellant approached her car, she told them she hit the parked car by accident, but that

Case Nos. 2025-L-076, 2025-L-077

there was "no reasoning with" appellant. Melissa denied hitting the parked car more than once. Melissa described an escalating confrontation with appellant, who she claimed struck her vehicle with an object while Melissa was trying to back up and leave. Melissa stated she put the vehicle in park and was on the phone with the police while appellant continued "beating" her car. Melissa did not see what was in appellant's hand but noticed she had a tool belt on and described the noise as "really loud, banging." Melissa stayed in the vehicle and waited for the police to arrive. She took photos of the damage after she left appellant's property and testified that the damage shown in those photos was not present before the incident. Melissa described the "quarter panel" as having "quite a few dents in it . . . pressed down to the metal," "claw mark" dents from a hammer, and cracks to the headlight. Her insurance company estimated the damages amounted to $600.00. On cross-examination, Melissa testified that she was "not sure" whether she hit the parked car more than once and admitted that she took the photos of the damage the following day.

{¶5} The State rested; the defense did not present any witness testimony.

{¶6} At the conclusion of trial, the court found appellant guilty of criminal damaging and not guilty of disorderly conduct. The court sentenced appellant to a suspended 90-day jail sentence and placed her on community control supervision for six months. The court ordered appellant to pay restitution of $300.00, a $600.00 fine, and court costs.

{¶7} Appellant timely appealed her conviction. The municipal court granted appellant's motion for a stay of her sentence pending appeal. The State did not file an answer brief.

Case Nos. 2025-L-076, 2025-L-077

{¶8} Appellant submits the following assignment of error for our review:

{¶9} "The trial court erred when it found the defendant guilty beyond a reasonable doubt because the state failed to prove that the defendant caused the physical harm to the victim's vehicle at the time of the incident."

{¶10} Appellant contends that the State failed to produce sufficient evidence to convict her of criminal damaging or endangering and that the court's verdict is against the manifest weight of the evidence. We disagree.

{¶11} When reviewing the sufficiency of the evidence to support a criminal conviction, a court must examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average trier of fact of the defendant's guilt beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id*.

{¶12} When reviewing a claim that a judgment was against the manifest weight of the evidence, an appellate court must review the entire record, weigh both the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether in resolving conflicts, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that a new trial must be ordered. *State v. Thompkins*, 78 Ohio St.3d 380, 387.

{¶13} To convict appellant of criminal damaging or endangering in violation of R.C. 2909.06(A)(1), the State was required to prove that she knowingly, by any means, caused or created a substantial risk of physical harm to the victim's property without the

Case Nos. 2025-L-076, 2025-L-077

victim's consent. "A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature." R.C. 2901.22(B).

{¶14} The State presented evidence that appellant struck the vehicle, causing physical harm to Melissa's vehicle. Appellant admitted to physically striking the vehicle, although she stated that she did so with the open palm of her hand. While appellant contends there is no evidence she used a hammer or similar object to strike Melissa's vehicle, under the plain language of the statute, appellant could have been found guilty if the court found that she caused physical harm to the vehicle "by any means." Accordingly, appellant's conviction is supported by sufficient evidence.

{¶15} Additionally, "[b]ecause the factfinder . . . has the opportunity to see and hear the witnesses, the cautious exercise of the discretionary power of a court of appeals to find that a judgment is against the manifest weight of the evidence requires that substantial deference be extended to the factfinder's determinations of credibility. The decision whether, and to what extent, to credit the testimony of particular witnesses is within the peculiar competence of the factfinder, who has seen and heard the witness." *State v. Lawson*, 1997 WL 476684, *4 (2d Dist. Aug. 22, 1997). "The fact that the evidence is subject to different interpretations does not render the conviction against the manifest weight of the evidence." *State v. Adams*, 2014-Ohio-3432, ¶ 24 (2d Dist.).

{¶16} Thus, to the extent that appellant argues her conviction is against the manifest weight of the evidence, we disagree. The court observed each witness testify, and it clearly credited the testimony of the State's witnesses as to the cause of the damage to Melissa's vehicle. We defer to the court's assessment of credibility.

Case Nos. 2025-L-076, 2025-L-077

{¶17} After reviewing all the evidence in a light most favorable to the State, we conclude that a rational trier of fact could have found the essential elements of R.C. 2909.06(A)(1) proven beyond a reasonable doubt and that appellant's conviction was not against the manifest weight of the evidence.

{¶18} Appellant's sole assignment of error is without merit.

{¶19} The judgment of the Painesville Municipal Court is affirmed.

JOHN J. EKLUND, J.,

EUGENE A. LUCCI, J.,

concur.

Case Nos. 2025-L-076, 2025-L-077

## JUDGMENT ENTRY

For the reasons stated in the opinion of this court, appellant's assignment of error is without merit. It is the judgment and order of this court that the judgment of the Painesville Municipal Court is affirmed.

Costs to be taxed against appellant.

_____
JUDGE MATT LYNCH

_____
JUDGE JOHN J. EKLUND,
concurs

_____
JUDGE EUGENE A. LUCCI,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

---

Case Nos. 2025-L-076, 2025-L-077